### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW HAMPSHIRE

DAE Aviation Enterprises,
Corp. d/b/a Emerson Aviation

    v.                          Civil No. 11-cv-554-LM

Old Republic Insurance Company;
Phoenix Aviation Managers, Inc.;
Nationair Insurance Agencies, Inc.;
and Tracy N. Cardelli, Individually,
and as Personal Representative of
the Estate of Stephen D. Cardelli, Jr.


### O R D E R

Phoenix Aviation Managers, Inc. and Old Republic Insurance Company (collectively "the insurers") move the court to reconsider its determination, in document no. 72, that DAE Aviation Enterprises, Corp. ("DAE") is entitled to up to $3 million in coverage for claims brought against it by Tracy Cardelli for the death of her husband in an airplane crash. DAE and Cardelli object.

The insurers' position rests squarely on their attempt to transform the policy's "Other Premises Exclusion" into something it is not, i.e., an anti-stacking provision. The court readily acknowledges that Old Republic could have written a policy that barred the stacking of coverages, and that it would be logical for a policy such as the one it issued to provide mutually

exclusive coverages for mutually exclusive hazards.  Old
Republic could have barred stacking in any number of ways, but
there is nothing in the language of the policy it drafted to
indicate that the premises-operations hazard and the completed-
operations hazard are, necessarily, mutually exclusive.  Because
the court committed no error of law in construing the Old
Republic insurance policy to permit stacking, the insurers'
motion for reconsideration is denied.

The insurers have also filed an objection to the court's
summary judgment order pursuant to Rule 72 of the Federal Rules
of Civil Procedure.  However, because this court was operating
under the authority of 28 U.S.C. § 636(c) when it issued the
order the insurers are now challenging, Rule 72 does not apply.
Accordingly, the insurers' objection is denied.

Finally, DAE has filed an assented-to motion asking the
court to: (1) stay its claim against Nationair; (2) cancel the
current deadlines in the case; and (3) order the parties to
report to the court by November 21, 2012, either with
notification that the claim has been settled or with a new
schedule for the case.  That motion is granted.

For the reasons described above, the insurers' motion for
reconsideration, document no. 73, and its objection, document

no. 74, are both denied, and DAE's motion to stay, document no.

80, is granted.

SO ORDERED.

_____

Landya McCafferty
United States Magistrate Judge

September 26, 2012

cc:   Scott Douglas Burke, Esq.
      Paul M. Koziell, Esq.
      Garry R. Lane, Esq.
      Robert T. Norton, Esq.
      Tory A. Weigand, Esq.